UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-190

THE ESTATE OF J.D. BOSS, JR., DECEASED
by and through Wayne Golightly and
Sherry Golightly, Co-Executors                                          PLAINTIFF

v.

DELMA JEAN BOSS                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Remand to State Court (Docket #6). Defendant has responded (Docket #9). Plaintiff has replied (Docket #15). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is GRANTED.

## BACKGROUND

Defendant Delma Jean Boss is the ex-wife of J.D. Boss, Jr., who is now deceased. The Decedent and Defendant entered into a Marital Settlement Agreement on June 26, 2002, and were divorced on July 2, 2002. Item 8 of the Marital Settlement Agreement states:

> The Wife does hereby waive, release and relinquish unto Husband, his heirs and assigns forever, all of her right, title, and interest in and to all the property now owned or hereafter acquired by Husband, including pension, retirement, and the right of dower, and does further waive, release and relinquish all claims for future support or maintenance that she may have against him.

Marital Settlement Agreement, DN 6-1, p. 4. The Decedent had named Defendant as beneficiary of his USEC Pension Plan Survivor's Benefit on September 25, 1990. After their divorce, the Decedent failed to change the beneficiary of his pension plan. The Decedent did, however, include in his Last Will and Testament an authorization for the fiduciaries of his estate to "secure the proceeds of my USEC pension/retirement/401K as relinquished by my ex-wife pursuant to the terms of our divorce." Last Will & Testament of J.D. Boss, Jr., DN 6-4, p. 2. The Will was

executed on February 10, 2003.

J.D. Boss, Jr., passed away on June 5, 2010. Wayne Golightly and Sherry Golightly were named as Co-Executors of the Decedent's Estate. The Estate brought suit against Defendant for breach of contract in McCracken Circuit Court on October 13, 2010. Defendant removed the case to this Court on October 25, 2010, asserting that this Court has exclusive jurisdiction under 29 U.S.C. § 1132(e)(1) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiff filed a motion to remand on November 11, 2010, which the Court now considers.

## STANDARD

The burden to establish federal jurisdiction lies with the party seeking removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996); *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). "A defendant who seeks to remove a case pursuant to 28 U.S.C. § 1441(b) bears the burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court." *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1061 (6th Cir. 2008). Federal jurisdiction should be strictly construed so that it is exercised only when clearly established and any doubt or ambiguity should be resolved in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *Breymann v. Pennsylvania, O. & D.R. Co.*, 38 F.2d 209, 212 (6th Cir. 1930).

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). An action "may be removed by the defendant or the defendants, to the district court of the United States for the

district and division embracing the place where such action is pending." *Id.* Procedurally, a defendant must file a notice of removal in the district court "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal must be filed within thirty says after the defendant receives a copy of the initial pleading or within thirty days of the service of the summons. 28 U.S.C. § 1446(b). Following the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c).

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, the court may look beyond the pleadings, and must do so, when the defendant alleges it was given notice of the removability of a case by "other paper" as permitted in § 1446(b). *See Gentek Bldg Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320 (6th Cir. 2007) (stating "[w]hen ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal. But federal courts may look beyond the pleadings to assess challenged facts . . . .").

**DISCUSSION**

Generally, a district court applies the "well-pleaded complaint rule" to determine if the court has original jurisdiction. *See Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1995). "Federal question jurisdiction under 28 U.S.C. § 1331 is proper 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Chase Manhattan Mortg.*

*Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. (1987)). "[I]t is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" *Id.* at 914-915.

In this case, there is no dispute that Plaintiff's complaint raises only state law causes of action. Instead, Defendant has asserted ERISA preemption as a defense. *See* 29 U.S.C. § 1144. No removal jurisdiction exists under § 1144, however, because § 1144 "allows ERISA to preempt state laws when they 'relate to' matters governed by ERISA but does not create a federal cause of action for matters which only 'relate to' ERISA's field of concern." *Warner*, 46 F.3d at 534; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987) ("ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law.").

Defendant argues that removal is still proper because the "complete preemption" exception applies. *See Metropolitan Life*, 481 U.S. at 66 (noting that Congress intended for causes of action that are preempted under § 1144 and also "within the scope of the civil enforcement provisions of [29 U.S.C. §1132(a)(1)(B)]" be removable to federal court). "The Supreme Court has held that in the special context of claims to recover ERISA benefits under § 1132(a)(1)(B), purported state-law claims are not only preempted by ERISA but entirely displaced, such that federal courts have subject-matter jurisdiction despite the well-pleaded complaint rule." *Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999) (citing *Metropolitan Life*, 481 U.S. at 67). The Sixth Circuit has extended this reasoning to apply to fiduciary duty claims under § 1132(a)(2) as well. *Id.* at 613-14.

The Court must determine whether Plaintiff's breach of contract claim is completely preempted. As noted by Plaintiff, this case in no way involves a claim for breach of fiduciary

4

duty. Therefore, the Court need only determine whether Plaintiff's breach of contract claim falls within the scope of 29 U.S.C. § 1132(a)(1)(B). The Court finds that it does not.

Under Section 1132(a)(1)(B), a "participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A "participant" is defined as:

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The term "person" includes an estate. 29 U.S.C. § 1002(9).

The Court finds that Plaintiff, the Estate of J.D. Boss, Jr., does not qualify as a beneficiary of the plan. The Estate was not entitled to any benefits, nor did the Decedent ever designate his estate to receive such benefits under the plan. Defendant is clearly the beneficiary in this case. This fact is undisputed by the parties. The Estate does qualify, however, as a participant. At the time of his death, J.D. Boss, Jr., was an ERISA participant. The Estate, therefore, has derivative standing as a successor-in-interest. *See, e.g.*, *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) ("[P]laintiffs, who brought this action as representatives of Tolton's estate, have standing under ERISA."); *Scott v. Regions Bank*, 702 F. Supp. 2d 921, 929 (E.D. Tenn. 2010) (citing several cases); *Dudley v. NiSource Corp. Servs. Co.*, No. Civ.A.5:05-217-JMH, 2006 WL 1044457, at *2 (E.D. Ky. Apr. 18, 2006) ("Courts have held

that administrators of a participant's estate have derivative standing to sue as 'participants' . . . .").

Even though Plaintiff qualifies as a participant, however, the Court finds that Plaintiff's claim does not satisfy the remaining provision of § 1132(a)(1)(B), which requires that the participant seek to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff's Complaint and motion are clear that Plaintiff does not challenge that Defendant is the proper beneficiary under the plan.[1] Plaintiff is not seeking to challenge this beneficiary designation. *Accord Francis v. Donovan*, No. 06-10080, 2006 WL 481672, at *2-3 (E.D. Mich. Feb. 28, 2006). Nor does Plaintiff assert that the Estate has any rights under the terms of the plan. Rather, Plaintiff asserts that the Estate is entitled to pension funds after such funds are distributed by the plan to the rightful beneficiary. Accordingly, the Court cannot find that any of these actions are challenging the terms of the plan or seek to enforce or clarify rights under the plan. The Court finds that this action is not within the scope of § 1132(a)(1)(B).

Because the Court finds that Plaintiff's breach of contract claim is not within the scope of 29 U.S.C. § 1132(a)(1)(B), there is no complete preemption and therefore, no federal jurisdiction. Accordingly, the Court need not consider the parties' remaining arguments regarding whether Plaintiff's claim is preempted under 29 U.S.C. § 1144. This cause is

---

[1] The Sixth Circuit has held in numerous cases that where a surviving spouse waives the right to receive benefits as part of a divorce settlement, but the deceased spouse failed to change the beneficiary designation, "the ERISA plan administrator must pay the ex-spouse the insurance proceeds despite the waiver in the divorce settlement." *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 677 (6th Cir. 2000).

remanded to the McCracken Circuit Court.  As Defendant had a colorable basis for removal of this action, the Court finds that an award of fees and costs is inappropriate and denies Plaintiff's request.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand to State Court (DN 6) is GRANTED.